LINK: JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 14-08649 BRO (JCx)** | Date | February 26, 2015 |
|---|---|---|---|
| Title | **JEFFREY SWARTZ V. NATIONSTAR MORTGAGE, LLC ET AL.** | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

# ORDER GRANTING MOTIONS TO DISMISS [14, 20, 25]

## I.  INTRODUCTION

Pending before the Court are Defendants Nationstar Mortgage, LLC ("Nationstar"), JP Morgan Chase Bank ("Chase"), and TFLG, A Law Corporation's ("TFLG") separate motions to dismiss Plaintiff Jeffrey Swartz's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. Nos. 14, 20, 25.)[1]  After consideration of the papers filed in support of and in opposition to the instant motions, the Court deems these matters appropriate for decision without oral argument of counsel.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15.  For the following reasons, the Court **GRANTS** Defendants' motions.

## II.  BACKGROUND

### A. Factual Background

Plaintiff alleges that he owns property at 369 East Mendocino Street, Altadena, California 91001 (the "Subject Property").  (Compl. ¶ 10.)  On October 19, 2006, Plaintiff executed a promissory note held by Chase for a $540,000 loan, which was secured against the Subject Property by a deed of trust.  (Compl. ¶ 12.)  At some time between 2006 and 2013, Plaintiff defaulted on his loan.  (*See* Compl. ¶¶ 12–13.)  In response, Chase filed a notice of default and commenced foreclosure of the promissory note and deed of trust on May 8, 2013.  (Compl. ¶ 13.)  Chase then transferred the

---

[1] TFLG has filed a notice of joinder in Chase's motion to dismiss, (Dkt. No. 37), and a notice of joinder in Nationstar's request for judicial notice, (Dkt. No. 38).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 14-08649 BRO (JCx)** | Date | February 26, 2015 |
|---|---|---|---|
| Title | **JEFFREY SWARTZ V. NATIONSTAR MORTGAGE, LLC ET AL.** | | |

promissory note to Nationstar on July 1, 2014. (Compl. ¶ 14.) Then, on August 8, 2013, Chase filed a Notice of Trustee Sale. (Compl. ¶ 13.) From August 21, 2014 to September 11, 2014, Plaintiff sought a loan modification and communicated this intent to the lender. (Compl. ¶ 15.) But Plaintiff was unsuccessful in this endeavor, and on September 10, 2014, Plaintiff filed a voluntary petition for Chapter 13 bankruptcy with the United States Bankruptcy Court for the Central District of California, which imposed an automatic stay. (Compl. ¶ 11.) Plaintiff claims that on the next day, Nationstar sold the Subject Property back to the beneficiary at a non-judicial foreclosure trustee sale, during which the Subject Property was the property of the Plaintiff's bankruptcy estate. (Compl. ¶¶ 17–19.) Defendants also recorded a trustee's sale deed for the Subject Property, at which point Plaintiff claims Chase and Nationstar became the record owners of the Subject Property. (Compl. ¶ 22; Chase Mot. at 2:21–24.) But Defendants rescinded the trustee's sale on November 24, 2014. (Chase Mot. at 2:25–26.) Plaintiff nevertheless alleges that his claims remain applicable and that Defendants would not have rescinded the sale had he not filed his Complaint. (Dkt. Nos. 31–33 at 3:9–11.) Lastly, Plaintiff claims that TFLG has initiated eviction proceedings. (Compl. ¶ 24.)

Plaintiff's first claim is that Defendants wrongfully foreclosed on the Subject Property. (Compl. ¶¶ 25–33.) Specifically, Plaintiff alleges that Defendants violated California Civil Code section 2924 and 2923.5 because he was not properly notified of the pending foreclosure. (Compl. ¶¶ 26, 31.) Plaintiff's second claim for relief seeks damages for a willful violation of section 362(a) of the Bankruptcy Code on the basis that Defendants willfully violated an automatic stay. (Compl. ¶¶ 35–38.) Plaintiff alleges that the September 11, 2014 sale of the Subject Property violated the automatic stay, and that Defendants again violated the automatic stay when they recorded the trustee's sale deed. (Compl. ¶¶ 36–37.) Plaintiff's third and fourth claims for relief seek a declaration that the foreclosure sale of the Subject Property was invalid because it violated the automatic stay and did not comply with California Civil Code section 2924. (Compl. ¶¶ 39–45.) Plaintiff also seeks leave to amend the Complaint to add claims for emotional distress and a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). (Dkt. Nos. 31–32 at 8:6–9; 33 at 8:8–12.)

Plaintiff is seeking compensatory damages, punitive damages for Defendant's willful conduct, a judicial declaration that the foreclosure sale was void and improper,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-08649 BRO (JCx) | Date | February 26, 2015 |
|---|---|---|---|
| Title | JEFFREY SWARTZ V. NATIONSTAR MORTGAGE, LLC ET AL. | | |

restoration of the Subject Property's title, attorney's fees and costs, and any other relief this Court deems proper. (Compl. at 8.)

### B. Procedural History

On September 10, 2014, Plaintiff filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Central District of California. (Dkt. No. 1 Ex. 2.) Shortly thereafter on September 16, 2014, the bankruptcy court dismissed Plaintiff's petition. (Dkt. No. 26 at 4.) Plaintiff then filed this action on November 7, 2014. (Dkt. No. 1.) In response, TFLG filed its motion to dismiss on January 6, 2015, (Dkt. No. 14), and Chase and Nationstar filed their motions to dismiss on January 16, 2015, (Dkt. Nos. 20, 25). Plaintiff filed his oppositions on February 6, 2015, (Dkt. Nos. 31–33), after which each Defendant filed a reply, (Dkt. Nos. 35, 36, 39).

## III. LEGAL STANDARD

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). If a complaint fails to do this, the defendant may move to dismiss it under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility'" that the plaintiff is entitled to relief. *Id.*

Where a district court grants a motion to dismiss, it should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-08649 BRO (JCx) | Date | February 26, 2015 |
|---|---|---|---|
| Title | JEFFREY SWARTZ V. NATIONSTAR MORTGAGE, LLC ET AL. | | |

## IV. REQUEST FOR JUDICIAL NOTICE

When considering a motion to dismiss, a court normally does not look beyond the complaint in order to avoid converting a motion to dismiss into a motion for summary judgment. *See Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n Solimino*, 501 U.S. 104 (1991). Notwithstanding this precept, a court may properly take judicial notice of (1) material which is included as part of the complaint or relied upon by the complaint, and (2) matters in the public record. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001). Under Federal Rule of Evidence 201(b), a judicially noticed fact must be one "not subject to reasonable dispute in that it (1) is generally known within the territorial jurisdiction of the trial court; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Further, a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *See* Fed. R. Evid. 201(c)(2); *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014).

Each of the three Defendants has submitted a request for judicial notice in support of their respective motions to dismiss. (*See* Dkt. Nos. 14-3, 21, 26.) The Court will discuss each request in turn. First, Chase requests that the Court take judicial notice of the following exhibits: (1) the Deed of Trust for the Subject Property, recorded October 30, 2006; (2) Substitution of Trustee, recorded February 8, 2013; (3) Notice of Default and Election to Sell Under Deed of Trust, recorded May 8, 2013; (4) Notice of Trustee's Sale, recorded August 8, 2013; (5) Notice of Trustee's Sale, recorded December 9, 2013; (6) Notice of Trustee's Sale, recorded April 1, 2014; (7) Corporate Assignment of Deed of Trust, recorded July 15, 2014; (8) Notice of Trustee's Sale, recorded August 14, 2014; (9) Voluntary Petition of Jeffrey M. Swartz, filed September 10, 2014; (10) Trustee's Deed Upon Sale, recorded September 17, 2014; and (11) Notice of Rescission of Trustee's Deed Upon Sale, recored November 24, 2014. (Chase's Req. Judicial Notice (Dkt. No. 21) ("Chase RJN") at 1–2.) Exhibits 1–8 and 10–11 have been recorded in the Official Records of the County of Los Angeles, and, as matters in the public record, are properly the subject of judicial notice. *See* Fed. R. Evid. 201; *Marder*, 450 F.3d at 448; *Lee*, 250 F.3d at 688–89. Exhibit 9 is also a public record, as "a paper filed in a case under [the Bankruptcy Code] and the dockets of a bankruptcy court are public records."

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-08649 BRO (JCx) | Date | February 26, 2015 |
|---|---|---|---|
| Title | JEFFREY SWARTZ V. NATIONSTAR MORTGAGE, LLC ET AL. | | |

*Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 857 n.1 (9th Cir. 2008) (modification in original) (quoting 11 U.S.C. § 107). Accordingly, Chase's request is **GRANTED**.

Second, Nationstar requests that the Court take judicial notice of two exhibits: (1) Order & Notice of Dismissal by the U.S. Bankruptcy Court, Central District of California; and (2) Notice of Rescission of Trustee's Deed Upon Sale. (Nationstar's Req. Judicial Notice (Dkt. No. 26) ("Nationstar RJN") at 1.) Courts regularly take judicial notice of court filings in other proceedings. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) ("In particular, we 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" (quoting *United States ex rel. Robinson Rancheria Citizens Council v. Boreno, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992))); *520 S. Mich. Ave. Assocs., Ltd. v. Shannon*, 549 F.3d 1119, 1138 n.14 (7th Cir. 2008) (noting that a federal court "may take judicial notice of the state court decisions"). And the Court has already taken judicial notice of Nationstar's second exhibit pursuant to Chase's request. (*See* Chase RJN at 1–2.) Accordingly, Nationstar's request is also **GRANTED**.

Finally, TFLG requests that the Court take judicial notice of two exhibits: (1) Notice of Rescission of Trustee's Deed Upon Sale; and (2) Trustee's Deed Upon Sale. (Def. TFLG's Req. Judicial Notice at 2.) The Court has already taken notice of each of these documents pursuant to Chase's request for judicial notice. (*See* Chase RJN at 1–2.) Accordingly, TFLG's request is **GRANTED**.

## V. DISCUSSION

Plaintiff's Complaint asserts four causes of action. (Compl. ¶¶ 25–45.) Defendants contend that all four fail to state a claim for relief. The Court will first discuss the wrongful foreclosure claim—Plaintiff's first cause of action—as it applies to each Defendant, after which it will discuss Plaintiff's remaining claims, each of which rests upon a violation of the automatic stay.

### A. Wrongful Foreclosure

In California, a wrongful foreclosure occurs "where there has been an illegal, fraudulent or wilfully oppressive sale of property under a power of sale contained in a

Case 2:14-cv-08649-BRO-JC Document 40 Filed 02/26/15 Page 6 of 14 Page ID #:335

LINK: JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-08649 BRO (JCx) | Date | February 26, 2015 |
|---|---|---|---|
| Title | JEFFREY SWARTZ V. NATIONSTAR MORTGAGE, LLC ET AL. | | |

mortgage or deed of trust." *Munger v. Moore*, 11 Cal. App. 3d 1, 7 (Cal. Ct. App. 1970). Liability for wrongful foreclosure is based upon tort liability as defined in California Civil Code section 1708, describing that "every person is bound by law not to injure the person or property of another or infringe on any of his rights." *Id.* Plaintiff's first cause of action alleges that Defendants wrongfully foreclosed on the Subject Property by violating sections 2923.5 and 2924 of the California Civil Code. (Compl. ¶ 26.)

### 1. Section 2923.5

Section 2923.5 requires that a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent under a deed of trust attempt to contact the borrower before recording a notice of default "in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Cal. Civ. Code § 2923.5(a)(2). Additionally, a notice of default must include "a declaration that the mortgage servicer has contacted the borrower" or "has tried with due diligence to contact the borrower as required by this section." *Id.* § 2923.5(b).

Plaintiffs frequently invoke section 2923.5 to postpone imminent foreclosure proceedings, but "[t]he right of action [under section 2923.5] is limited to obtaining a postponement of an impending foreclosure to permit the lender to comply with [the section's requirements]." *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 214 (Cal. Ct. App. 2010). Here, however, Plaintiff pleads that the foreclosure sale has already occurred, (Compl. ¶ 17), other documents demonstrate that the trustee's sale has been rescinded, (Nationstar RJN Ex. B), and Plaintiff has not pleaded that Defendants have reinitiated foreclosure proceedings. Accordingly, Plaintiff cannot seek relief pursuant to section 2923.5. *See Mabry*, 185 Cal. App. 4th at 214. In turn, the Court must now address Plaintiff's section 2924 claim.

### 2. Section 2924

California Civil Code section 2924 regulates nonjudicial foreclosure sales in a comprehensive statutory scheme which has three purposes: "(1) to provide the creditor/beneficiary with a quick, inexpensive and efficient remedy against a defaulting debtor/trustor; (2) to protect the debtor/trustor from wrongful loss of the property; and (3) to ensure that a properly conducted sale is final between the parties and conclusive as

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-08649 BRO (JCx) | Date | February 26, 2015 |
|---|---|---|---|
| Title | JEFFREY SWARTZ V. NATIONSTAR MORTGAGE, LLC ET AL. | | |

to a bona fide purchaser." *Melendrez v. D & I Inv., Inc.*, 127 Cal. App. 4th 1238, 1249–50 (Cal. Ct. App. 2005) (quoting *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 440 (Cal. Ct. App. 2003)). Plaintiff specifically cites section 2924b, which allows a mortgagor to request copies of notices of default and of sale by mail. Cal. Civ. Code § 2924b(a). If a mortgagor makes a formal request for these copies, then a "mortgagee, trustee, or other person authorized to record the notice of default or the notice of sale shall" send a copy of the notice of default to the mortgagor by certified mail within ten days of the recording, and send a copy of the notice of the time and place of sale by certified mail to the mortgagor at least twenty days before the sale. *Id.* § 2924b(b). Plaintiff claims that Defendants did not send these notices. (Compl. ¶ 31.)

### a. Plaintiff Does Not Allege Tender

Chase argues that Plaintiff's wrongful foreclosure claim should fail because Plaintiff does not allege tender of the amount indebted in his complaint. (Chase Mot. at 4:23–5:16.) "The California Court of Appeal has held that the tender rule applies in an action to set aside a trustee's sale for irregularities in the sale notice or procedure." *Barrionuevo v. Chase Bank, N.A.*, 885 F. Supp. 2d 964, 969 (N.D. Cal. 2012) (quoting *Cohn v. Bank of Am.*, No. 2:10-cv-00865 MCE KJN PS, 2011 WL 98840, at *9 (E.D. Cal. Jan. 12, 2011)). To challenge a foreclosure sale, it is a precondition that "the borrower must make a valid and viable tender of payment of the secured debt." *McFarland v. JP Morgan Chase Bank*, No. EDCV 13-01838-JGB (OPx), 2014 WL 1705968, at *12 (C.D. Cal. Apr. 28, 2014) (quoting *Sacchi v. Mortg. Elec. Registration Sys., Inc.*, CV 11-1658 AHM (CWx), 2011 WL 2533029, at *9 (C.D. Cal. June 24, 2011)). "The rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs." *FPCI RE-HAB 01 v. E & G Invs., Ltd.*, 207 Cal. App. 3d 1018, 1021 (Cal. Ct. App. 1989). As the court in *Barrionuevo* points out, the tender rule is a "general rule that 'an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security.'" 885 F. Supp. 2d at 969 (quoting *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 578–79 (1984)).

Yet there are exceptions to the tender rule. *Id.* For example, courts do not enforce the tender rule when "it would be inequitable to do so." *Id.* (quoting *Onofrio v. Rice*, 55

Case 2:14-cv-08649-BRO-JC Document 40 Filed 02/26/15 Page 8 of 14 Page ID #:337

LINK: JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-08649 BRO (JCx) | Date | February 26, 2015 |
|---|---|---|---|
| Title | JEFFREY SWARTZ V. NATIONSTAR MORTGAGE, LLC ET AL. | | |

Cal. App. 4th 413, 424 (Cal. Ct. App. 1997); *accord Robinson v. Bank of Am.*, 12-CV-00494-RMV, 2012 WL 1932842, at *3 (N.D. Cal. May 29, 2012) (finding that in certain circumstances it is inequitable to apply the tender rule); *Bowe v. Am. Mortg. Network, Inc.*, CV 11-08381 DDP (SHx), 2012 WL 2071759, at *2 (C.D. Cal. June 8, 2012) (same); *see also Humboldt Sav. Bank v. McCleverly*, 161 Cal. 285, 291 (Cal. 1911) ("[W]here a party has the right to avoid a sale, he is not bound to tender any payment in redemption."). Accordingly, "the tender rule only applies in cases seeking to set aside a completed sale, rather than an action seeking to prevent a sale in the first place." *Barrionuevo*, 885 F. Supp. 2d at 972; *accord Giannini v. Am. Home Mortg. Serv., Inc.*, No. C11-04489 TEH, 2012 WL 298254, at *3 (N.D. Cal. Feb. 1, 2012) (finding that tender is required following a flawed sale); *Vissuet v. Indymac Mortg. Servs.*, No. 09-CV-2321-IEG (CAB), 2010 WL 1031013, at *2 (S.D. Cal. Mar. 19, 2010) ("[T]he California 'tender rule' applies only where the plaintiff is trying to *set aside* a foreclosure sale due to some irregularity.").

The trustee sale of the Subject Property took place on September 11, 2014. (Compl. ¶ 17.) Because the sale has already occurred, and as Plaintiff is now attempting to invalidate this foreclosure sale, he must allege tender of the full amount of the indebtedness. *Barrionuevo*, 885 F. Supp. at 972. Plaintiff has failed to allege tender in either his Complaint or his oppositions, and therefore fails to adequately plead wrongful foreclosure.

### b. Plaintiff's Wrongful Foreclosure Claim Is Moot

Regardless of whether Plaintiff alleges tender in his Complaint, Nationstar argues that Plaintiff's wrongful foreclosure claim is also moot because Nationstar rescinded the foreclosure sale. (Nationstar Mot. at 1:11–12.) The Ninth Circuit has held that "[i]f an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997). Further, "[a]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Bernhardt v. Cnty. of L.A.*, 279 F.3d 862, 871 (9th Cir. 2002). Claims for wrongful foreclosure are therefore likely moot where the foreclosure was cancelled. *Sutcliffe v. Wells Fargo Bank, N.A.*, 283 F.R.D. 533, 547 (N.D. Cal. 2012); *see also Wooten v. Countrywide Home Loans Inc.*, No. CIV S-11-1791 MCE, 2012 WL 346460, at *4 (E.D. Cal. Feb. 1, 2012) ("[I]n light of the loan

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-08649 BRO (JCx) | Date | February 26, 2015 |
|---|---|---|---|
| Title | JEFFREY SWARTZ V. NATIONSTAR MORTGAGE, LLC ET AL. | | |

modification agreement and cancellation of the foreclosure proceedings with respect to the subject property, any claims directed at the foreclosure proceedings have likely been rendered moot."). Consequently, following rescission of foreclosure proceedings, claims that challenge the foreclosure are moot, whereas other claims such as negligence may not be. *See Sutcliffe*, 283 F.R.D. at 547 (citing *Medici v. JPMorgan Chase Bank, N.A.*, No. 3:11-cv-00959-HA, 2012 WL 929785, at *3–4 (D. Or. Mar. 16. 2012)).

On November 18, 2014, Nationstar rescinded the trustee's deed upon sale, which effectively voided the trustee's sale. (Nationstar RJN Ex. B.) Plaintiff's wrongful foreclosure claims are all based on statutory violations alleging wrongful foreclosure, and do not rely on additional wrongful conduct such as negligence. (Compl. ¶ 26.) Because the foreclosure sale has been rescinded and Plaintiff has alleged no claim against Defendants for wrongful conduct that extends beyond the foreclosure, Plaintiff's first cause of action for wrongful foreclosure must fail. *See Sutcliffe*, 283 F.R.D. at 547. Plaintiff has requested leave to amend the Complaint to add a claim for emotional distress, but Plaintiff specifies that this new claim would stem from a wilful violation of the automatic stay and not the wrongful foreclosure of the Subject Property. (Dkt. Nos. 31–32 at 8:6–9; 33 at 8:8–12.)

### c. Plaintiff Fails to Plead Facts Against TFLG

In addition, TFLG contends that Plaintiff has failed to allege any facts tying it to the allegedly wrongful foreclosure proceedings. (TFLG Mot. at 5:5–7.) Indeed, Plaintiff's only claim against TFLG is that "TFLG has proceeded to evict [P]laintiff from his home." (Compl. ¶ 24.) According to TFLG, it had no involvement in the notice of default or the foreclosure, as evidenced by the notice of rescission of the foreclosure sale and the trustee's deed upon sale, both of which do not mention TFLG as a party in the foreclosure proceedings. (TFLG Mot. at 5:5–7, 10–15.) Plaintiff's only response is that he received a three-day notice, which was a "clear sign that the eviction process had begun and Defendants were not going to rescind the sale." (Dkt. Nos. 31–33 at 5:21–23.)

Plaintiff fails to plead sufficient facts that link TFLG to any wrongful foreclosure claim. Plaintiff's allegation that TFLG proceeded to evict him, evidenced only by a three-day notice, fails to provide sufficient factual allegations from which the Court may draw a reasonable inference that TFLG is liable for wrongful foreclosure. *See Ashcroft*,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-08649 BRO (JCx) | Date | February 26, 2015 |
|---|---|---|---|
| Title | JEFFREY SWARTZ V. NATIONSTAR MORTGAGE, LLC ET AL. | | |

556 U.S. at 678. Instead, these statements refer to Plaintiff's potential eviction from, and not the foreclosure of, the Subject Property. (Compl. ¶ 24; Dkt. Nos. 31–33 at 5:21–23.) Consequently, Plaintiff has provided no facts to demonstrate that TFLG was in any way involved in the foreclosure proceedings. TFLG was neither the beneficiary nor the trustee, and TFLG was not a party to the trustee's sale. Without any factual basis on which to predicate such a claim, Plaintiff's wrongful foreclosure cause of action against TFLG must fail.

For all of the reasons discussed above, Defendants' motion to dismiss Plaintiff's first cause of action is **GRANTED**, and Plaintiff's claim for wrongful foreclosure is therefore **DISMISSED**.

### B. Violation of The Automatic Stay

Plaintiff's remaining causes of action allege that Defendants violated an automatic stay arising from Plaintiff's Chapter 13 bankruptcy filing on September 10, 2014. (Compl. ¶¶ 16, 34–45.) Pursuant to 11 U.S.C. §§ 362(a), (k), "any act to create, perfect, or enforce any lien against property of the estate" is prohibited when an automatic stay exists. The automatic stay "is designed to protect debtors from all collection efforts while they attempt to regain their financial footing." *In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992). As the Ninth Circuit has explained:

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his [or her] creditors. *It stops all collection efforts, all harassment, and all foreclosure actions.* It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

*Id.* at 572 (alteration in original). Section 362(k) of the Bankruptcy Code allows for damages for a willful violation of an automatic stay. 11 U.S.C. § 362(k). A party commits a wilful violation of an automatic stay when it has knowledge of the automatic stay and intentionally violates the stay. *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1215 (9th Cir. 2002) (citing *In re Pinkstaff*, 974 F.2d 113, 115 (9th Cir. 1992)).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-08649 BRO (JCx) | Date | February 26, 2015 |
|---|---|---|---|
| Title | JEFFREY SWARTZ V. NATIONSTAR MORTGAGE, LLC ET AL. | | |

Plaintiff claims that Defendants violated the automatic stay by proceeding with a trustee sale on September 11, 2014, and that Defendants were in continual violation of that stay because they refused to rescind the sale. (Compl. ¶ 36.) Plaintiff further asserts that Defendants again violated the automatic stay when they recorded the trustee sale deed. (Compl. ¶ 37.) Plaintiff claims that these actions constitute willful violations of the automatic stay because Defendants were notified of the stay by telephone and fax on the morning of September 11, 2014. (Compl. ¶¶ 16, 38.)

The United States Circuit Courts of Appeals are split as to whether claims for violations of an automatic stay must be brought in bankruptcy court. *Compare E. Equip. & Servs. Corp. v. Factory Point Nat'l Bank, Bennington*, 236 F.3d 117, 121 (2d Cir. 2001) ("Courts that have examined this issue have held that the federal Bankruptcy Code preempts any state law claims for a violation of the automatic stay, and precludes jurisdiction in the district courts. Any relief for a violation of the stay must be sought in the Bankruptcy Court."), *with Justice Cometh Ltd. v. Lambert*, 426 F.3d 1342, 1343 (11th Cir. 2005) (holding that district courts do not lack jurisdiction over violations of an automatic stay). The Ninth Circuit does not appear to have weighed in on this issue. *See Gray v. Preferred Bank*, No. 09CV2025 DMS CAB, 2010 WL 3895188, at *2 (S.D. Cal. Sept. 30, 2010) ("whether district courts have concurrent jurisdiction over bankruptcy stay violation claims appears to be a matter of first impression in this Circuit").

Nevertheless, the Ninth Circuit has ruled on a similar issue to determine whether state law claims for violations of an automatic stay were preempted by the Bankruptcy Code. *See MSR Exploration, Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910, 913–16 (9th Cir. 1996). In *MSR Explorations*, the court held that violations of an automatic stay that arise from state law claims are preempted by the Bankruptcy Code and are therefore federal claims that must be brought in bankruptcy court. *Id.* Based on *MSR Exploration*, out-of-circuit authority finding that such claims are properly the purview of the federal bankruptcy courts, and the respective districts' local rules referring all bankruptcy cases to the bankruptcy courts, some district courts in the Ninth Circuit have determined that they lack jurisdiction to hear claims for violations of an automatic stay. *See, e.g.*, *ComUnity Collectors LLC v. Mortg. Elec. Registration Servs., Inc.*, Nos. C-11-4777 EMC, C-12-0771 EMC, 2012 WL 3249509, at *6 (N.D. Cal. Aug. 7, 2012) (finding, after discussing *MSR Explorations*, that "this District's local rules and other out-of-circuit authority establish that the proper course of action would be to refer this matter to the

Case 2:14-cv-08649-BRO-JC Document 40 Filed 02/26/15 Page 12 of 14 Page ID #:341

LINK: JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-08649 BRO (JCx) | Date | February 26, 2015 |
|---|---|---|---|
| Title | JEFFREY SWARTZ V. NATIONSTAR MORTGAGE, LLC ET AL. | | |

bankruptcy court"); *Wordtech Sys., Inc. v. Integrated Network Solutions, Inc.*, No. 2:04-CV-01971-MCE, 2012 WL 5464218, at *2 (E.D. Cal. Nov. 7, 2012) (dismissing for lack of subject matter jurisdiction because the Eastern District of California's Local General Order No. 182 referred all cases arising under title 11 to the bankruptcy courts); *see also Price v. Rochford*, 947 F.2d 829, 832 n. 1 (7th Cir. 1991) (noting that while the district court had jurisdiction to hear plaintiff's claim for damages under section 362(h), the matter "should probably have been referred to the bankruptcy court under" the court's local rules). *But see Gray v. Preferred Bank*, No. 09CV2025 DMS (CAB), 2010 WL 3895188, at *2 (S.D. Cal. Sept. 30, 2010) (holding that the district court has jurisdiction over violations of a bankruptcy stay).

Here, as in both *ComUnity Collectors* and *Wordtech*, this Court's district has referred to the bankruptcy judges all proceedings arising under title 11. Specifically, General Order No. 13-05 of the Central District of California states: "Pursuant to 28 U.S.C. § 157(a), the Court hereby refers to the bankruptcy judges for the Central District of California all cases under Title 11 of the United States Code ("Title 11") and all proceedings arising under Title 11 or arising in or related to a case under Title 11." C.D. Cal. G.O. 13-05 (filed July 1, 2013). Moreover, "[a]n action alleging a willful violation of the automatic stay is created by § 362[(k)] of title 11 of the United States Code, and therefore arises under title 11 for purposes of 28 U.S.C. § 157(a) and Local General Order [13-05]." *Wordtech Sys.*, 2012 WL 5464218, at *1. Accordingly, it would be appropriate pursuant to this Court's Local Rules to dismiss Plaintiff's claims based on violation of the automatic stay. Plaintiff's second claim is therefore **DISMISSED**. Plaintiff's third and fourth claims seeking a declaration of invalidity of the foreclosure because of a violation of the automatic stay are also **DISMISSED** because they also seek a decision on whether Defendants violated section 362 of the Bankruptcy Code.

### C. Leave to Amend

Ordinarily, when a court dismisses a complaint for failure to state a claim, the court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek*, 519 F.3d at 1031. But the Court may deny leave to amend if the proposed amendment would be futile or subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-08649 BRO (JCx) | Date | February 26, 2015 |
|---|---|---|---|
| Title | JEFFREY SWARTZ V. NATIONSTAR MORTGAGE, LLC ET AL. | | |

valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). In determining the legal sufficiency of a proposed amendment, the Court applies the same standard as the one used when considering the sufficiency of a pleading challenged under a Rule 12(b)(6) motion to dismiss. *Id.* The party opposing amendment "bears the burden of showing why amendment should not be granted." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (9th Cir. 1986). In his oppositions, Plaintiff requests that the Court grant him leave to amend his complaint to add two more claims—(1) emotional distress resulting from violation of the automatic stay, and (2) a violation of the FDCPA. (Dkt. Nos. 31–32 at 8:6–9; Dkt. No. 33 at 8:8–12.)

The Ninth Circuit has held that plaintiffs may seek damages for emotional distress resulting from a willful violation of an automatic stay. *See In re Dawson*, 390 F.3d 1139, 1148 (9th Cir. 2004). Yet the court came to this conclusion only after the bankruptcy court had determined that the automatic stay was violated. *Id.* at 1148 n.4. Furthermore, damages for emotional distress are included in the "actual damages" that are recoverable under section 362(k) of the Bankruptcy Code. *Id.* at 1148. As discussed above, the Court declines to hear Plaintiff's claims regarding a violation of section 362 of the Bankruptcy Code because such claims arise under title 11 and therefore are more properly the purview of the bankruptcy courts in this district. Accordingly, Plaintiff's proposed emotional distress claim is futile because the Court would have to dismiss it for the reasons discussed above. *See Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011) ("A proposed amended complaint is futile if it would be immediately 'subject to dismissal.'" (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998))), *aff'd on reh'g en banc*, 681 F.3d 1041 (9th Cir. 2012).

Similarly, Plaintiff cannot cure the deficiencies in his Complaint by adding a violation of the FDCPA. The purpose of the FDCPA is "to eliminate abusive *debt collection* practices by debt collectors, to ensure that those debt collectors who refrain from using abusive *debt collection* practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against *debt collection* abuses." 15 U.S.C. § 1692(e) (emphasis added). But courts in the Ninth Circuit have consistently held that "foreclosing on [a] property pursuant to a deed of trust is not the *collection of a debt* within the meaning of the FDCPA." *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) (emphasis added) (quoting *Ines v. Countrywide Home Loans*, No. 08cv1267 WQH (NLS), 2008 WL 4791863, at *2 (S.D. Cal. Nov. 3, 2008));

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-08649 BRO (JCx) | Date | February 26, 2015 |
|---|---|---|---|
| Title | JEFFREY SWARTZ V. NATIONSTAR MORTGAGE, LLC ET AL. | | |

*accord Geist v. OneWest Bank*, No. C 10-1879 SI, 2010 WL 4117504, at *2–3 (N.D. Cal. Oct. 19, 2010) ("Although the Ninth Circuit has not yet addressed whether a foreclosure action constitutes 'debt collection' under the FDCPA, district courts throughout the Ninth Circuit have concluded that it does not."); *Diessner v. Mortg. Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1188–89 (D. Ariz. 2009) (same); *Aniel v. T.D. Serv. Co.*, No. C 10-03185 JSW, 2010 WL 3154087, at *1 (N.D. Cal. Aug. 9, 2010) (same). This Court agrees with the courts in this Circuit. Accordingly, Plaintiff's proposed amendment to add a FDCPA claim would also be futile.

As discussed above, each of Plaintiff's claims must be dismissed. Plaintiff's wrongful foreclosure claim is mooted by the rescission of the foreclosure sale. And because Plaintiff cannot cure that deficiency by amendment, his wrongful foreclosure claim is **DISMISSED with prejudice**. *See Saul*, 928 F.2d at 843. As to Plaintiff's other claims, the Court finds that it lacks jurisdiction to hear claims arising out of alleged violations of the automatic stay, so Plaintiff's remaining claims are **DISMISSED** for lack of subject matter jurisdiction. Finally, although Plaintiff seeks to add two additional claims, as discussed above, these claims are futile because they would necessarily be dismissed as well. *See Nordyke*, 644 F.3d at 788 n.12. Plaintiff's request for leave to amend is therefore **DENIED**.

## VI. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**. The hearing set for March 2, 2015 is VACATED.

**IT IS SO ORDERED.**

:

Initials of Preparer   rf